**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **Kary Greene and** | § | |
| **Adrienne Karlovsky,** | § | |
| *Plaintiffs*, | § | |
| | § | **CIVIL ACTION NO. 4:15-cv-126** |
| **v.** | § | |
| | § | |
| **VitalPet,** | § | |
| *Defendant.* | § | |
| | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Kary Greene and Adrienne Karlovsky ("Greene" or "Karlovsky" or "Plaintiffs") and files this, their Original Complaint and Jury Demand against Defendant VitalPet ("VitalPet" or "Defendant") concerning discrimination and retaliation arising under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. In support of Plaintiffs' claims, they respectfully state as follows:

### I. JURISDICTION AND VENUE

1.      This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(4), and 42 U.S.C. § 2000e-5(f)(3).  The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Labor Code and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

2.      Venue is proper in this district under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.

### II. PARTIES

3.      Plaintiff Adrienne Karlovsky is a female, practicing Judaism as a U.S. citizen and resident of the State of Texas, living in Colin County. Kary Greene is a female, U.S. citizen and resident of the State of Texas, living in Dallas County.

4.      Defendant VitalPet does not maintain a registered agent in the state if Texas. Defendant may be served through the Secretary of States Office at Service of Process, Secretary of State, P.O. Box 12079, Austin, TX 78711-2079. The Secretary of State will then serve Defendant through Defendant's registered agent or appropriate officer at 1400 First Street East, Humble, Texas 77338.

### III.  FACTUAL BACKGROUND

5.      VitalPet owns and operates numerous veterinary clinics in Texas. Plaintiffs worked at the VitalPet veterinary clinic located at 8880 West Main Street, Frisco, TX 75034. VitalPet also has its principle business offices at 1400 First Street East, Humble, Texas 77338.

6.      At all times relevant to this complaint, Freeman has had over two hundred employees.

7.      Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e and TEX. LAB. CODE § 21.002(8).

8.      On December 12, 2013, VitalPet hosted a Holiday Party. The master of ceremonies that evening was CEO Benjamin Thomas.

9.      Stopping the event, Mr. Thomas requests that the group stand for a prayer dedicated to giving thanks to Jesus Christ and the Christian religion.

10.     Ms. Greene notices that the prayer is visibly shaking her co-worker, Ms. Adrienne Karlovsky. Ms. Karlovsky is Jewish.

11.     Mr. Thomas continues after the prayer with a speech entailing the Companies values and initiatives, and how VitalPet will be based on the collective Christian Faith with a specific impetus placed on putting Bibles back in to classrooms.

12.     At this point Ms. Karlovsky attempts to leave the meeting but is told by a manager named Jeff (last name unknown) a.k.a. Bubba, that she must go sit back down.

13.     After the meeting, Ms. Greene and Ms. Karlovsky discuss the sermon given by Mr. Thomas, and that Ms. Greene is going to go speak with Mr. Thomas about Ms. Karlovsky, her religion, and how she was affected by the speech.

14.     Approaching Mr. Thomas on behalf of Ms. Karlovsky, Ms. Greene introduces herself and proposes that it might be best to omit discussions of religion, prayer, bibles in schools, and other Christianity-based topics, etc. from a business setting.

15.     In response, Mr. Thomas became visibly upset, slamming his hand on the table, cutting off Ms. Greene. Ms. Greene continues to explain that Ms. Karlovsky is Jewish and was offended by the sermon and being forced to listen.

16.     Mr. Thomas responds by informing Ms. Greene that "I didn't mean anything, I love **the** Jews." Mr. Thomas proceeds by approaching Ms. Karlovsky, receiving an introduction, and shaking her hand.

17.     Mr. Thomas is now obviously aware of the names and identities of Ms. Greene and Ms. Karlovsky.

18.     The next day, December 13th, Ms. Greene was placed on a performance improvement plan.

19.     Ms. Greene refused to sign the performance improvement plan as it was filled with numerous factual inaccuracies and because she had suspicions that she was being retaliated against because of the conversation that took place the night before with Mr. Thomas. This was again confirmed by Ms. Greene via email on December 16th.

20.     Ms. Greene was terminated on December 19th, 3 days after being placed on a performance improvement plan, for the pretextual reason of behavior and attitude. Specifically including that Ms. Greene was terminated because she refused to sign an employee handbook. Again, this is evidence of pretext, as Ms. Greene was terminated 3 days after agreeing to sign the handbook.

21.     VitalPet then moved on to Ms. Karlovsky.

22.     On January 15, 2014, Ms. Karlovsky again raised an issue pertaining to religion. This time Ms. Karlovsky made a complaint to Manager Bridgett Hinchman regarding a memo pertaining to the company's faith-based initiative.

23.     On January 16, 2014, the very next day, Ms. Karlovsky was suspended for allegedly forging a signature on a document.

24.     Notably, Ms. Karlovsky was informed by VitalPet employee Lisa Morar that she had been cleared of any wrongdoings.

24.     Nevertheless, Ms. Karlovsky was terminated on or about January 28, 2014.

25.     It was at this time that Ms. Greene and Karlovsky both knew they had been victims of religious discrimination and retaliation.

26.     Plaintiffs timely filed EEOC charges of discrimination and retaliation on November 7, 2014, which were co-filed with the Texas Workforce Commission Civil Rights Division. Plaintiffs received notice of right to sue letters from the EEOC that were dated November 26, 2014. This suit is being filed within 90 days of Plaintiffs receiving their notice of right to sue letters from the EEOC.

## IV. CAUSES OF ACTION

**A.     Religious Discrimination**

27.     Plaintiffs reallege and incorporate the allegations contained in the above paragraphs as if fully stated herein.

28.     Defendant's action in harassing Plaintiffs, treating Plaintiffs less favorably than non-Jewish employees, and terminating Plaintiff's employment was because of their religion, Muslim, in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.*  Furthermore, Plaintiffs' religious practices could have been accommodated by Freeman without undue burden.

29.     As a result of Defendant's unlawful actions described above, Plaintiffs have incurred lost wages, both past and future, including the value of lost and/or replacement benefits.

30.     As a result of Defendant's unlawful religious discrimination, Plaintiffs have suffered compensatory damages by reason of future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

31.     At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiffs' federally and state protected rights under Title VII and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.*, thus entitling Plaintiffs to punitive damages.

32.    Additionally, Plaintiff is entitled to receive his attorneys' fees, expert fees, and costs of court.

**B.    Religious Retaliation**

33.    Plaintiffs reallege and incorporate the allegations contained in the above paragraphs as if fully stated herein.

34.    As described above, Defendant's actions constitute unlawful retaliation on the basis of Plaintiffs' protected activity in violation of 42 U.S.C. §2000e-2(e), et seq. and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.*  The employment practices complained of above were intentional.

35.    Plaintiff has satisfied all jurisdictional prerequisites in connection with their claims under Title VII and the Texas Labor Code.

36.    As a result of Defendant's unlawful retaliation, Plaintiffs have suffered and expect to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with their employment.

37.    As a result of Defendant's retaliation, Plaintiffs have suffered non-pecuniary losses including, but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

38.    Defendants acted at all relevant times with malice and/or reckless indifference to Plaintiffs' federal- and state-protected rights. Plaintiffs therefore seeks punitive damages under Title VII and the Texas Labor Code.

39.    Additionally, Plaintiffs seek any and all equitable relief necessary to return them to the position that they would have been in but for Defendant's unlawful retaliation.

40.     Defendant's actions referenced above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue their state and federal rights in this action. Consequently, Plaintiffs seek attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 2000e-5(k) and the Texas Labor Code.

## V. JURY DEMAND

41.     Plaintiffs hereby demand a jury trial on all issues, claims, actions, and defenses against Defendant.

## VI. PRAYER

WHEREFORE, Plaintiffs, respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, Plaintiffs be awarded:

a.      Judgment against Defendant ordering Defendant to take such other reasonable actions as may be necessary to remedy the effects of Defendant's violations of 42 U.S.C. § 2000(e) and the Texas Labor Code;

b.      Judgment against Defendant for lost wages and benefits, both back pay and front pay;

c.      In the alternative to front pay, judgment against Defendants reinstating Plaintiff to their position of employment, equivalent positions of employment, or the positions of employment they would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

d.      Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e.      Judgment against Defendant for punitive damages to the extent allowed under the law;

      f.      Pre-judgment interest at the appropriate legal rate on all amounts awarded;

      g.      Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

      h.      Judgment against Defendant for Plaintiffs' reasonable attorneys' and experts' fees;

      i.      Costs of suit; and

      j.      Such other and further relief to which Plaintiff may justly be entitled.

      Respectfully submitted,

      ROB WILEY, P.C.
      1825 Market Center Blvd., Ste. 385
      Dallas, Texas 75207
      Phone: (214) 528-6500
      Fax: (214) 528-6511

Dated: February 20, 2015       By:   */s/ Adam S. Greenfield*
           Adam S. Greenfield
           State Bar No. 24075494