IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

KARY GREENE and
ADRIENNE KARLOVSKY                                            PLAINTIFFS

v.                                                    CAUSE NO. 4:15CV126-LG-CMC

VITALPET                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF KARY GREENE'S CLAIMS

**BEFORE THE COURT** is the defendant VitalPet's Motion to Dismiss Plaintiff Kary Greene's Claims [4] filed in this Title VII lawsuit. The Motion has been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that all claims made by the Plaintiff, Kary Greene are barred by the applicable statute of limitation.

## FACTS

The plaintiffs Kary Greene and Adrienne Karlovsky are former employees of the defendant VitalPet, which operates numerous veterinary clinics in Texas. During a company holiday party held on December 12, 2013, VitalPet's Chief Executive Officer said a Christian prayer and gave a speech concerning Christian values and beliefs. Greene noticed that Karlovsky, who is Jewish, was upset by the CEO's statements. After the party Greene approached the CEO and told him that Karlovsky was offended by his statements. The following day Greene was placed on a performance improvement plan, but she refused to sign the plan because "it was filled with numerous factual inaccuracies and because she had suspicions that she was being retaliated against because of the conversation that took place the night

before . . . ." (Compl. at 4, ECF No. 1).  Greene claims she was terminated on December 19, 2013, "for the pretextual reason of behavior and attitude." (*Id.*)

On January 15, 2014, Karlovsky submitted a complaint to her manager regarding a company memorandum concerning the company's "faith-based initiative." (*Id.*)  The following day VitalPet suspended Karlovsky, accusing her of forging a name on a document.  Although Karlovsky claims she was cleared of any wrongdoing, VitalPet terminated her on January 28, 2014.  Greene and Karlovsky claim that they both realized that their terminations were discriminatory and retaliatory on the date of Karlovsky's termination.  They filed charges with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division on November 7, 2014.  They received notice of their right to file lawsuits on November 26, 2014, and they filed this joint lawsuit on February 20, 2015, asserting religious discrimination and retaliation in violation of Title VII and Tex. Lab. Code § 21.01, et seq.  VitalPet has filed the present Motion to Dismiss, alleging that Greene's claims are barred by the statute of limitations.

## DISCUSSION

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th

Cir. 2003). "When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998). In the present case, both parties have submitted additional evidence, but the evidence does not affect this Court's ruling. Therefore, it is not necessary to convert the Motion to Dismiss to a Motion for Summary Judgment.

"Under 42 U.S.C. § 2000e-5(e)(1), for causes of action in which the aggrieved party has 'initially instituted proceedings with a State or local agency with authority to grant or seek relief,' an EEOC Charge must be filed 'within three hundred days after the alleged unlawful employment practice occurred.'" *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Thus, in cases where discriminatory termination is alleged, the 300-day statute of limitations begins to run on the date of termination. *Id.* Meanwhile, complaints filed pursuant to the Texas Labor Code "must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Lab. Code § 21.202(a).

Greene admits that she did not file her claims against VitalPet within 180 days, or even 300 days, of her termination. However, she argues that the statute of limitations applicable to her Title VII claims should not have begun to run until she knew that she was discriminated against.[1] She claims she merely suspected

---

[1] Greene does not argue that her claims filed pursuant to the Texas Labor Code should be tolled. Therefore, those claims must be dismissed as untimely pursuant to Tex. Lab Code § 21.202(a). *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

discrimination at the time of her termination, but she did not know for certain that she had been discriminated against until Karlovsky was terminated.

Greene's argument is foreclosed by the Fifth Circuit's decision in *Merrill v. Southern Methodist University*, 806 F.2d 600 (5th Cir. 1986).  In *Merrill*, the plaintiff argued "that in determining whether a particular claim is time-barred, a court should focus on the date the victim first perceives that a discriminatory motive caused the act, rather than the actual date of the act itself." *Id.* at 605.  The Fifth Circuit rejected this argument, holding that the limitations period under Title VII begins to run "on the date the discriminatory *act* occurs." *Id.*  The Court reasoned: "It might be years before a person apprehends that unpleasant events in the past were caused by illegal discrimination.  In the meantime, under [plaintiff's] theory, the employer would remain vulnerable to suits based on these old acts." *Id.*

The only discriminatory act Greene complains of is her termination; thus, the limitations period began to run on the date Greene learned of her termination – December 19, 2013. *See id.*; *see also Ajayi v. Walgreen Co.*, 562 F. App'x 243, 246 (5th Cir. 2014).  Greene's charge of discrimination was not filed until November 7, 2014 – 323 days later.  As a result, her charge is time-barred.

Nevertheless, Greene argues that if her claims are untimely, her claims should be permitted to survive pursuant to the single filing rule, because her claims should be permitted to "piggyback" on Karlovsky's timely EEOC charge.  The Fifth Circuit has explained that the "single filing rule" is a "'carefully limited exception'

that allows parties to 'opt-in to a suit filed by any similarly situated plaintiff under certain conditions.'" *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006) (quoting *Bettcher v. The Brown Schools, Inc.*, 262 F.3d 492, 493-94 (5th Cir. 2001)). In *Price*, the court held that the single filing rule does not apply to a plaintiff who has filed her own EEOC charge. *Id.* at 599; *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223-24 (5th Cir. 1995) (overruled on other grounds); *Smith v. HealthSouth Rehab. Ctr. of Memphis, Ltd.*, 234 F. Supp. 2d 812, 816 (W.D. Tenn. 2002). Greene filed her own EEOC charge. Therefore, she cannot take advantage of the single filing rule to preserve her untimely claims.

## CONCLUSION

For the foregoing reasons, Greene's discrimination and retaliation claims filed under Title VII and the Texas Labor Code are untimely, and must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the defendant VitalPet's Motion to Dismiss Plaintiff Kary Greene's Claims [4] is **GRANTED**. Kary Greene's claims are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 1th day of July, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE